NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| RICKY EMERY KAMDEM OUAFFO T/A KAMDEN GROUP, | Civ. No. 15-6290 |
| Plaintiff, | **OPINION** |
| v. | |
| NATURASOURCE INTERNATIONAL, LLC; LASZLO POKORNY; HILL'S PET NUTRITION, INC.; COLGATE PALMOLIVE CO.; JOHN DOES 1-10, AND ABC CORPS 1-10, | |
| Defendants. | |

THOMPSON, U.S.D.J.

This matter is before the Court upon the Motions of Defendants NaturaSource International, LLC, Laszlo Pokorny, Hill's Pet Nutrition, Inc., and Colgate Palmolive Co. (collectively "Defendants") to Remand[1] the case to the Superior Court of New Jersey, Law Division, Middlesex County.  (ECF Nos. 12, 16).  Plaintiff Ricky Emery Kamden Ouaffo t/a Kamdem Group ("Plaintiff") opposes.  (ECF Nos. 22, 23).  The Court has decided this Motion based on the parties' written submissions and without oral argument pursuant to Federal Rule of Civil Procedure 78(b).  For the reasons stated herein, Defendants' Motions to Remand will be granted.

---

[1] Defendants Hill's Pet Nutrition, Inc. and Colgate Palmolive Company also seek costs and fees incurred as a result of the removal.  (ECF No. 12 at 19).

1

BACKGROUND

This case has an extensive history, so the Court will only recount those events relevant to the current motion. Plaintiff is engaged in the business of creating, manufacturing, and distributing food flavor ingredients and formulas. (Compl. at 2, ECF No. 1). Plaintiff's allegations are as follows: from 2008 to 2010, Plaintiff contracted with Defendant NaturaSource International, LLC ("NaturaSource") to market his products. (*Id.*). NaturaSource then engaged the services of Defendant Hill's Pet Nutrition, Inc. ("Hill's Pet Nutrition") to explore opportunities related to Plaintiff's product line for use in pet food. (*Id.*). Both Hill's Pet Nutrition and NaturaSource signed non-disclosure agreements with respect to Plaintiff's products. (*Id.*). Consequently, Plaintiff released proprietary technology and formulas to Hill's Pet Nutrition and NaturaSource for further exploration of marketing opportunities. (*Id.* at 3). After the business relationship between Plaintiff and NaturaSource ended in 2010, Plaintiff repeatedly requested that NaturaSource return all proprietary information related to Plaintiff's products. (*Id.* at 4). NaturaSource ignored these requests. (*Id.*). Then, in 2013, Plaintiff discovered that Hill's Pet Nutrition had filed patent applications allegedly utilizing Plaintiff's proprietary information. (*Id.* at 4).

Upon discovery of Hill's Pet Nutrition's patent applications, Plaintiff filed suit in the Superior Court of New Jersey against Hill's Pet Nutrition; its parent company, Colgate Palmolive Co.; NaturaSource; and the sole member of NaturaSource, Laszlo Pokorny. (*Id.*). In this complaint, Plaintiff alleged misappropriation of trade secrets, violation of the New Jersey Trade Secrets Act, misappropriation of confidential and proprietary information, breach of non-disclosure agreement, breach of contract, breach of fiduciary duty, unjust enrichment, breach of the covenant of good faith and fair dealing, tortious interference of economic advantage and

business opportunities, unfair competition, and fraud. (*Id.* at 1-14). From 2013 to 2015, the parties filed briefs and motions, engaged in unsuccessful mediation, and completed discovery. (Kriegel Decl., Ex. B, ECF No. 12; *see also* Am. Notice of Removal at 4, ECF No. 6). After the close of discovery, Defendants NaturaSource and Hill's Pet Nutrition filed Motions for Summary Judgment on June 26, 2015 and July 8, 2015. (*See* Def.'s Mot. Summ. J., ECF Nos. 48, 50). On July 31, 2015, Plaintiff filed a Cross-Motion for Summary Judgment. (*See* Pl.'s Mot. Summ. J., ECF No. 56). Then, on August 14, 2015, Plaintiff filed a Notice of Removal in this Court pursuant to 28 U.S.C. § 1454. (Notice of Removal, ECF No. 1). On August 20, 2015, the Superior Court of New Jersey granted Defendants' Motions for Summary Judgment and denied Plaintiff's Cross-Motion for Summary Judgment. (Aug. 20, 2015 Tr. at 24-35, Ex. B, ECF No. 16). In response to Plaintiff's Notice of Removal and the judgments in the New Jersey Superior Court, Defendants filed Motions to Remand on September 10, 2015 and September 11, 2015. (ECF Nos. 12, 16). These are the motions presently before this Court.

## DISCUSSION

A. Legal Standard

A defendant may remove a civil action filed in state court to a federal court where the action might originally have been brought. 28 U.S.C. §§ 1441(a), (b). However, the federal court to which the action is removed must have original subject matter jurisdiction. 28 U.S.C. § 1441(b). Federal district courts have subject matter jurisdiction over civil actions that involve a federal question or diversity of citizenship. 28 U.S.C. §§ 1331, 1332. Diversity jurisdiction exists when the action arises between citizens of different states, and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332. Federal question jurisdiction exists when the action arises "under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Under the

3

well-pleaded complaint rule, a suit "arises under" federal law, and is appropriate for removal, only when a federal question is presented on the face of the plaintiff's properly pleaded complaint. *Franchise Tax Bd. v. Construction Laborers Vacation Trust,* 463 U.S. 1, 9–12 (1983); *Louisville & Nashville R. Co. v. Mottley,* 211 U.S. 149, 152 (1908).

If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case must be remanded to state court. 28 U.S.C. § 1447(c). The party seeking removal bears the burden of establishing federal jurisdiction. *Frederico v. Home Depot*, 507 F.3d 188, 193 (3d Cir. 2007). "[R]emoval statutes 'are to be strictly construed against removal and all doubts should be resolved in favor of remand.'" *A.S. ex rel. Miller v. SmithKline Beecham Corp.*, 769 F.3d 204, 208 (3d Cir. 2014) (quoting *Batoff v. State Farm Ins. Co.*, 977 F.2d 848, 851 (3d Cir. 1992)).

  B. Analysis

Plaintiff seeks removal under 28 U.S.C. § 1454, which allows removal to a federal district court of "[a] civil action in which any party asserts a claim for relief arising under any Act of Congress relating to patents, plant variety protection, or copyrights." Plaintiff states in his Notice of Removal that the Court has federal question jurisdiction because this case arises under 35 U.S.C. – Patents, specifically the Patent Cooperation Treaty (35 U.S.C. §§ 351-76), and 28 U.S.C. § 1338, which provides for original and exclusive jurisdiction of patents claims in the federal courts. (Am. Notice of Removal at 2, ECF No. 6). But Plaintiff's assertion of patent claims is limited to this Notice of Removal filed in federal court. Plaintiff's Complaint in the Superior Court of New Jersey did not assert any patent claims, but rather restricted its claims to contract and torts claims that do not arise under patent law, or any other federal law. (*See* Compl., ECF No. 1). This Court has held that referencing a potential patent law claim for the

4

first time in a Notice of Removal "is insufficient to establish jurisdiction pursuant to Section 1454." *Masimo Corp. v. Mindray DS USA, Inc.*, No. CIV.A. 14-0405 SDW, 2015 WL 93759, at *3 (D.N.J. Jan. 7, 2015). "This cannot be construed as '*assert[ing]* a claim for relief' under the patent laws. A party can only 'assert a claim for relief' in a pleading." *Id.* While the Complaint does reference some facts related to patent applications, (*see* Compl., ECF. No. 1.), the mere presence of a patent or patent application in the facts of a case does not create a cause of action arising under patent law. *See, e.g.*, *Uroplasty, Inc. v. Advanced Uroscience, Inc.*, 239 F.3d 1277, 1280 (Fed. Cir. 2001); *Consol. World Housewares, Inc. v. Finkle*, 831 F.2d 261, 265 (Fed. Cir. 1987).

Plaintiff suggests that he did not assert patent law claims in the Complaint because he was unaware of the extent of Defendants' patenting activities. (Def.'s Br. at 27, ECF. No. 23). But Plaintiff's inclusion of some facts relating to patenting activity in the Complaint suggests that Plaintiff could have brought a patent claim at that time and chose not to do so. Moreover, Plaintiff could have sought to amend the Complaint at any time, and yet he chose not to do so. Given that Plaintiff did not "assert a claim for relief" under the patent laws in his Complaint, Plaintiff cannot now remove the action to federal court under Section 1454.

Nor does Plaintiff have any other source of federal jurisdiction. Plaintiff did not plead any federal claims in his Complaint, so the Court does not have federal question jurisdiction. (*See* Compl., ECF No. 1). Nor does the Court have diversity jurisdiction, because Plaintiff and at least one of the Defendants are citizens of the same state, New Jersey. (Am. Notice of Removal at 1-2, ECF No. 6). Therefore, the Court does not have subject matter jurisdiction, and the case must be remanded.

Even if this Court did have jurisdiction, Plaintiff's Notice of Removal is untimely. Ordinarily, a Notice of Removal must be filed within 30 days of the filing of the initial pleading. 28 U.S.C. § 1446.  Section 1454(b)(2) states that "the time limitations contained in section 1446(b) may be extended at any time for cause shown."  But courts have found removal petitions under Section 1454 to be untimely where the petitioner delayed removal, actively engaged in state court litigation, and only sought removal on the eve of an unfavorable judgment. *See, e.g.*, *Andrews v. Daughtry*, 994 F. Supp. 2d 728, 735 (M.D.N.C. 2014) (finding petition to remove under Section 1454 untimely where petitioner delayed removal for three months and "actively engaged the state court in the litigation process"); *Univ. of Kentucky Research Found., Inc. v. Niadyne, Inc.*, No. CIV. 13-16-GFVT, 2013 WL 5943921, at *10 (E.D. Ky. Nov. 5, 2013) ("The timing provisions of Sections 1446 and 1454 are important because they limit the ability of [a party] to test the waters in one forum and, finding them inhospitable, move to another forum that might be more sympathetic to its views.").  Here, Plaintiff actively engaged in state court litigation for two years.  He filed motions and completed discovery.  Plaintiff only sought removal after Defendants had filed Motions for Summary Judgment, and Plaintiff had filed a Cross-Motion for Summary Judgment.  We agree with the Superior Court that seeking to remove the action at this hour seems like an attempt to "delay the inevitable."  (Aug. 20, 2015 Tr. at 16, Ex. B, ECF No. 16).

## CONCLUSION

For the reasons described above, Defendants' Motions to Remand are hereby granted. All other pending motions are denied as moot.  To the extent Defendants seek costs and fees pursuant to 28 U.S.C. § 1447(c), the Court invites Defendants to submit affidavits specifying costs and expenses incurred as a result of removal.

*/s/ Anne E. Thompson*
ANNE E. THOMPSON, U.S.D.J.