NOT FOR PUBLICATION

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| RICKY EMERY KAMDEM OUAFFO T/A KAMDEN GROUP, | Civ. No. 15-6290 |
| Plaintiff, | **OPINION** |
| v. | |
| NATURASOURCE INTERNATIONAL, LLC; LASZLO POKORNY; HILL'S PET NUTRITION, INC.; COLGATE PALMOLIVE CO.; JOHN DOES 1-10, AND ABC CORPS 1-10, | |
| Defendants. | |

THOMPSON, U.S.D.J.

     This matter is before the Court upon the Motion for Reconsideration (ECF No. 30) of Plaintiff Ricky Emery Kamdem Ouaffo t/a Kamden Group ("Plaintiff"), challenging the Court's September 29, 2015 Order granting Defendants' NaturaSource International, LLC, Laszlo Pokorny, Hill's Pet Nutrition, Inc., and Colgate Palmolive Co. (collectively "Defendants") Motions to Remand the case to the Superior Court of New Jersey, Law Division, Middlesex County, (ECF Nos. 12, 16), and denying as moot all remaining Motions (ECF Nos. 5, 10, 13). Defendants oppose. (ECF Nos. 31, 32). After considering the parties' written submissions and without oral argument pursuant to Local Civil Rule 78.1(b), the Court will deny Plaintiff's Motion.

BACKGROUND

This case has an extensive history, so the Court will only recount those events relevant to the current Motion.  Plaintiff is engaged in the business of creating, manufacturing, and distributing food flavor ingredients and formulas.  (Compl. 2, ECF No. 1, Case No. MID-L-5527-13).  Plaintiff's allegations are as follows: from 2008 to 2010, Plaintiff contracted with Defendant NaturaSource International, LLC ("NaturaSource") to market his products.  (*Id.*).  NaturaSource then engaged the services of Defendant Hill's Pet Nutrition, Inc. ("Hill's Pet Nutrition") to explore opportunities related to Plaintiff's product line.  (*Id.*).  After Hill's Pet Nutrition and NaturaSource signed non-disclosure agreements, Plaintiff provided them with proprietary technology and formulas for further exploration of marketing opportunities.  (*Id.* at 2, 3).  The business relationship between Plaintiff and NaturaSource ended in 2010, and Plaintiff repeatedly requested that NaturaSource return all proprietary information, but NaturaSource did not.  (*Id.* at 4).  Then, in 2013, Plaintiff discovered that Hill's Pet Nutrition had filed patent applications allegedly utilizing Plaintiff's proprietary information.  (*Id.* at 4).

Upon discovery of Hill's Pet Nutrition's patent applications, Plaintiff filed suit in the Superior Court of New Jersey against Hill's Pet Nutrition; its parent company, Colgate Palmolive Co.; NaturaSource; and the sole member of NaturaSource, Laszlo Pokorny.  (*Id.*).  In this Complaint, Plaintiff brought a variety of tort and contract claims related to the alleged misappropriation of Plaintiff's proprietary information.  (*Id.* at 1-14).  From 2013 to 2015, the parties filed briefs and motions, engaged in unsuccessful mediation, and completed discovery.  (Kriegel Decl., Ex. B, ECF No. 12; *see also* Am. Notice of Removal 4, ECF No. 6).  After the close of discovery, Defendants NaturaSource and Hill's Pet Nutrition filed Motions for Summary Judgment on June 26, 2015 and July 8, 2015.  (*See* Def.'s Mot. Summ. J., ECF Nos. 48, 50, Case

No. MID-L-5527-13).  On July 31, 2015, Plaintiff filed a Cross-Motion for Summary Judgment.

(*See* Pl.'s Mot. Summ. J., ECF No. 56, Case No. MID-L-5527-13).  On August 20, 2015, the

Superior Court of New Jersey granted Defendants' Motions for Summary Judgment and denied

Plaintiff's Cross-Motion for Summary Judgment.  (Aug. 20, 2015 Tr. at 24-35, Ex. B, ECF No.

16).

On August 14, 2015, just before the Superior Court of New Jersey granted summary

judgment, Plaintiff filed a Notice of Removal in this Court pursuant to 28 U.S.C. § 1454.

(Notice of Removal, ECF No. 1).  In response to Plaintiff's Notice of Removal and the

judgments in the New Jersey Superior Court, Defendants filed Motions to Remand on September

10, 2015 and September 11, 2015.  (ECF Nos. 12, 16).  On September 29, 2015, this Court

granted Defendants' Motions to Remand the case to the Superior Court of New Jersey, and

denied as moot all remaining Motions (ECF Nos. 5, 10, 13).  (ECF No. 27).  On October 6, 2015,

Plaintiff filed a Motion for Reconsideration, which is presently before the Court.  (ECF No. 30).

## DISCUSSION

A.  Legal Standard

Reconsideration is an extraordinary remedy that is to be granted "very sparingly."  L.

Civ. R. 7.1(i) cmt. 6(d) (citing cases); *Friedman v. Bank of Am., N.A.*, No. 09-2214, 2012 WL

3146875, at *2 (D.N.J. Aug. 1, 2012).  Pursuant to Federal Rule of Civil Procedure 59(e) and

Local Civil Rule 7.1, a motion for reconsideration may be based on only one of three grounds:

(1) an intervening change in controlling law; (2) new evidence not previously available; or (3) to

correct a clear error of law or to prevent manifest injustice.  *See North River Ins. Co. v. CIGNA*

*Reins. Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995).  A motion for reconsideration is not an appeal,

but rather, the movant is asking the Court to "rethink what it has already thought through—

rightly or wrongly." *Yurecko v. Port Auth. Trans-Hudson Corp.*, 279 F. Supp. 2d 606, 609 (D.N.J. 2003) (internal citation omitted).  "The operative word in the rule is 'overlooked.' Therefore, mere disagreement with a court's decision normally should be raised through the appellate process and is inappropriate on a motion for reargument." *Id.*

B.  Analysis

Plaintiff argues that this Court erred in remanding this action to the Superior Court of New Jersey because this Court overlooked the fact that Plaintiff filed a joint Notice of Removal and a Complaint.  (Pl.'s Br. Supp. Mot. Recons. 11, ECF No. 30).  Plaintiff states that even if this Court lacked jurisdiction over the case removed from state court, this Court had federal question jurisdiction over the claims in Plaintiff's Complaint.  (*Id.*).  Plaintiff also challenges this Court's determination that the state court Complaint did not "arise under" the federal patent laws, arguing that this Court misinterpreted *Uroplasty Inc. v. Uroscience Inc.*, 239 F.3d 1277 (Fed. Cir. 2001).  (*Id.* at 17).  Additionally, Plaintiff makes various allegations of impropriety against Defendants.  (*See, e.g.*, *id.* at 27-31).

Plaintiff has not satisfied the high standard for reconsideration.  First, Plaintiff does not assert any intervening change in the law.  Second, Plaintiff does not assert the availability of new, previously unavailable evidence.  Third, Plaintiff's arguments relating to the Court's application of the remand standard fail to show a clear error of law.  Plaintiff's allegations of impropriety against Defendants are not relevant to the current Motion, and do not show a clear error of law.  The fact that the Court overlooked Plaintiff's attempt to file both the Notice of Removal and a Complaint together does not show a clear error of law, but rather, compliance with the procedural rules.  A Notice of Removal must be filed separately from a Complaint, with separate case numbers and separate filing fees.  *See Filing Fees and Rates*, United States District

Court for the District of New Jersey, http://www.njd.uscourts.gov/filing-fees-and-rates (last visited Oct. 7, 2015) (requiring a $400 fee for "[c]ommencing any civil action or proceeding other than an application for a writ of habeas corpus"); *Civil Cover Sheet*, United States District Court for the District of New Jersey, http://www.njd.uscourts.gov/forms/civil-cover-sheet-js44 (last visited Oct. 7, 2015) (requiring plaintiff to place an "X" in "One Box Only" for the origin of a case, where options include "Original Proceeding" and "Removed from State Court," among others).  The joinder rules to which Plaintiff refers, Federal Rules of Civil Procedure 18, 19, and 20, allow the joinder of claims or parties within a Complaint, not the joinder of pleadings.  While the Court appreciates Plaintiff's concern for judicial efficiency, if Plaintiff wishes to file an original action in federal court, he must file a separate action and pay the separate filing fee.

Plaintiff has also failed to show a clear error of law with respect to the claim that Plaintiff's state court Complaint arose under the federal patent laws.  Plaintiff cites to no law supporting his interpretation of *Uroplasty*, 239 F.3d 1277, or his suggested application of *Uroplasty* to the facts of his case.  The Court does not find Plaintiff's attempt to distinguish the facts of *Uroplasty* persuasive.  Moreover, "the fact that there may be two interpretations of the same law and the same language is not to say that choosing one reading over another is a clear error of law."  *SGS U.S. Testing Co. v. Takata Corp.*, No. 09-6007, 2010 WL 4789341, at *2 (D.N.J. Nov. 17, 2010).

Nor does this Court find that reconsideration is necessary to prevent manifest injustice.  Plaintiff has received extensive consideration of his claims in the Superior Court of New Jersey.  If Plaintiff has any claims within the federal courts' jurisdiction that are not barred by *res judicata*, he may file a separate action.

CONCLUSION

For the reasons explained above, the Court will deny Plaintiff's Motion for

Reconsideration.  A corresponding Order follows.


*/s/ Anne E. Thompson*
ANNE E. THOMPSON, U.S.D.J.