NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

RICKY EMERY KAMDEM OUAFFO
T/A KAMDEM GROUP,

    Plaintiff,

v.

NATURASOURCE INTERNATIONAL,
LLC; LASZLO POKORNY; HILL'S PET
NUTRITION, INC.; COLGATE
PALMOLIVE CO.; JOHN DOES 1-10,
AND ABC CORPS 1-10,

    Defendants.

Civ. No. 15-6290

OPINION

THOMPSON, U.S.D.J.

    This matter is before the Court upon the motions to award fees and expenses pursuant to 28 U.S.C. § 1447(c) of Defendants Laszlo Pokorny, NaturaSource International LLC, Hill's Pet Nutrition, Inc., and Colgate-Palmolive Co. ("Defendants").  (ECF Nos. 36, 37).  Plaintiff Ricky Emery Kamdem Ouaffo t/a/ Kamdem Group ("Plaintiff") opposes.  (ECF Nos. 38, 39).  After considering the parties' written submissions and without oral argument pursuant to Local Civil Rule 78.1(b), the Court will grant Defendants Laszlo Pokorny and NaturaSource International LLC's motion in its entirety, and grant Defendants Hill's Pet Nutrition, Inc. and Colgate-Palmolive Co.'s motion in part.

BACKGROUND

    This case has an extensive history, so the Court will only recount those events relevant to the current motion.  Plaintiff is engaged in the business of creating, manufacturing, and distributing food flavor ingredients and formulas.  (Compl. 2, ECF No. 1, New Jersey Superior

1

Court Case No. MID-L-5527-13). Plaintiff's allegations are as follows: from 2008 to 2010, Plaintiff contracted with Defendant NaturaSource International, LLC ("NaturaSource") to market his products. (*Id.*). NaturaSource then engaged the services of Defendant Hill's Pet Nutrition, Inc. ("Hill's Pet Nutrition") to explore opportunities related to Plaintiff's product line. (*Id.*). After Hill's Pet Nutrition and NaturaSource signed non-disclosure agreements, Plaintiff provided them with proprietary technology and formulas for further exploration of marketing opportunities. (*Id.* at 2, 3). The business relationship between Plaintiff and NaturaSource ended in 2010, and Plaintiff repeatedly requested that NaturaSource return all proprietary information, but NaturaSource did not. (*Id.* at 4). Then, in 2013, Plaintiff discovered that Hill's Pet Nutrition had filed patent applications allegedly utilizing Plaintiff's proprietary information. (*Id.* at 4).

Upon discovery of Hill's Pet Nutrition's patent applications, Plaintiff filed suit in the Superior Court of New Jersey against Hill's Pet Nutrition; its parent company, Colgate Palmolive Co.; NaturaSource; and the sole member of NaturaSource, Laszlo Pokorny. (*Id.*). In this complaint, Plaintiff brought a variety of tort and contract claims related to the alleged misappropriation of Plaintiff's proprietary information. (*Id.* at 1-14). From 2013 to 2015, the parties filed briefs and motions, engaged in unsuccessful mediation, and completed discovery. (Kriegel Decl., Ex. B, ECF No. 12; *see also* Am. Notice of Removal 4, ECF No. 6). After the close of discovery, Defendants NaturaSource and Hill's Pet Nutrition filed motions for summary judgment on June 26, 2015 and July 8, 2015. (ECF Nos. 48, 50, Case No. MID-L-5527-13). On July 31, 2015, Plaintiff filed a cross-motion for summary judgment. (ECF No. 56, Case No. MID-L-5527-13). On August 20, 2015, the Superior Court of New Jersey granted Defendants' motions for summary judgment and denied Plaintiff's cross-motion for summary judgment. (Aug. 20, 2015 Tr. at 24-35, Ex. B, ECF No. 16).

On August 14, 2015, just before the Superior Court of New Jersey granted summary judgment, Plaintiff filed a notice of removal in this Court pursuant to 28 U.S.C. § 1454. (ECF No. 1). In response to Plaintiff's notice of removal and the judgments in the New Jersey Superior Court, Defendants filed motions to remand on September 10, 2015 and September 11, 2015. (ECF Nos. 12, 16). On September 29, 2015, this Court granted Defendants' motions to remand the case to the Superior Court of New Jersey, and denied as moot all remaining motions (ECF Nos. 5, 10, 13). (ECF No. 27). On October 6, 2015, Plaintiff filed a motion for reconsideration, which was denied by this Court on October 28, 2015. (ECF Nos. 30, 34).

Although Defendants requested fees and expenses in their motions to remand, they neglected to include the required affidavits as part of the briefing. Therefore, the Court allowed the parties to file additional briefing as to fees and costs. (*See* ECF No. 26). On October 28, 2015 and November 9, 2015, Defendants filed the motions for fees and costs that are presently before the Court. (ECF Nos. 36, 37).

## DISCUSSION

An order remanding a case "may require payment of just costs and any actual expenses, including attorneys' fees, incurred as a result of the removal." 28 U.S.C. 1447(c). The Court has discretion to award attorneys' fees in connection with a remand order where the removing party lacked an "objectively reasonable basis" for seeking removal. *See Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005).

Here, the Court agrees with Defendants that Plaintiff lacked an objectively reasonable basis for seeking removal. As the record indicates, Plaintiff attempted to remove this case from state court almost two years after initial filing and after dispositive motions were filed in state court. Moreover, this Court's lack of subject matter jurisdiction was evident from the face of the

3

state court complaint and the notice of removal.  Plaintiff did not claim that diversity jurisdiction existed in the notice of removal.  And although Plaintiff argued that the court had federal question jurisdiction, Plaintiff did not make any federal claims in his state court complaint that would have provided a federal question.  Given these circumstances, the Court finds that awarding fees and costs is justified.  *See, e.g.*, *Mints v. Educ. Testing Serv.*, 99 F.3d 1253, 1261 (3d Cir. 1996) (affirming district court's award of fees where the complaint was based entirely upon state law); *Doughtery, Clifford & Wadsworth Corp. v. Magna Grp. Inc.*, No. 07-1068, 2007 WL 2300719, at *2 (D.N.J. Aug. 6, 2007) (awarding costs and expenses where the claim was premised on diversity jurisdiction but lack of diversity was evident on the face of the complaint).

After reviewing Defendants Laszlo Pokorny and NaturaSource's affidavit, the Court finds the requested amount of $4,162.60 to be reasonable, so the Court will order that this amount be paid by Plaintiff to these Defendants.  Defendants Hill's Pet Nutrition and Colgate-Palmolive Co. asked for significantly higher fees and expenses in the amount of $44,229.49.  While the Court will grant fees and expenses to these Defendants, the Court finds this amount to be excessive, and the attorneys' work in this case to be duplicative.  Defendants Hill's Pet Nutrition and Colgate-Palmolive Co. indicate that the billable rates of the attorneys on this case ranged from $295 per hour to $580 per hour.  (Def.'s Br. 2, ECF No. 36-2).  However, this Court has found reasonable billable rates in New Jersey to range from $150 to $400 per hour.  *See, e.g.*, *Grandalski v. Quest Diagnostics*, No. 04-4362, 2013 WL 5505740, at *2 (D.N.J. Oct. 3, 2013).  These defendants also report having spent 126.6 hours working on the case, as opposed to the 23.5 hours spent by the other Defendants on the same case.  Considering this, the Court finds that it is reasonable to award fees at a rate of $400 per hour for a total of 23.5 hours ($9,400.00), plus

4

$636.24 in costs, to total $10,036.24.  Therefore, the Court will order that $10,036.24 be paid by Plaintiff to Defendants Hill's Pet Nutrition and Colgate-Palmolive Co.

## CONCLUSION

For the foregoing reasons, Defendants Laszlo Pokorny and NaturaSource's motion to award fees and expenses will be granted, and fees and expenses will be awarded in the amount of $4,162.60.  Defendants Hill's Pet Nutrition and Colgate-Palmolive Co.'s motion to award fees and expenses will be granted in part, and fees and expenses will be awarded in the amount of $10,036.24.  A corresponding order follows.

*/s/ Anne E. Thompson*
ANNE E. THOMPSON, U.S.D.J.