UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

RICKY EMERY KAMDEN OUAFFO,

Plaintiff,

v.

NATURASOURCE INTERNATIONAL, LLC
*et al.*,

Defendants.

Civil Action No. 15-6290 (MAS) (JBD)

**MEMORANDUM ORDER**

  This matter comes before the Court upon three motions filed by Plaintiff Ricky Emery Kamden Ouaffo ("Plaintiff"): (1) Plaintiff's Second Motion for Relief from Judgment pursuant to Federal Rule of Civil Procedure 60(b)[1] (the "Second Rule 60(b) Motion," ECF No. 67); (2) Plaintiff's Request for Leave to File a Motion for Sanctions Against Defendants Naturasource International, LLC, Laszlo Pokorny, Colgate-Palmolive Company, and Hill's Pet Nutrition, Inc. (collectively, "Defendants") (ECF No. 72); and (3) Plaintiff's Motion for an Order Expediting the Adjudication of Pending Motions (ECF No. 77).

  By way of brief background, in 2013, Plaintiff, proceeding pro se, filed a complaint in the Superior Court of New Jersey alleging that Defendants had misappropriated his proprietary pet food flavoring information. (*See* Notice of Removal at *110, ECF No. 1.)[2] After almost two years of litigation in state court, on August 14, 2015, Plaintiff sought to remove the case to this Court.

---

[1] All references hereafter to "Rule" or "Rules" are in reference to the Federal Rules of Civil Procedure.

[2] Page numbers within a record cite that are preceded by an asterisk refer to the page numbers atop the ECF header.

(*Id.* at *1.) Defendants, in turn, moved to remand the case. (ECF Nos. 12, 16.) The Court granted Defendants' motion and remanded the case, finding that it lacked subject-matter jurisdiction to hear the suit, and that in any event, Plaintiff's removal was untimely. (ECF No. 26.)[3]

Plaintiff subsequently filed a new federal action against Defendants, which this Court dismissed under the doctrines of *res judicata*, collateral estoppel, and the *Rooker-Feldman* doctrine. *See Kamden-Ouaffo v. Colgate Palmolive Co. et al.*, No. 15-7902, ECF Nos. 1, 90, 91. The Third Circuit affirmed the Court's dismissal. *See* Order, *Kamden-Ouaffo v. Colgate Palmolive Co. et al.*, No. 21-1198, ECF No. 32 (3d. Cir. Feb. 8, 2022). In affirming the dismissal of Plaintiff's claims, the Third Circuit observed in a footnote that under 28 U.S.C. § 1446(d), "the state court was required to stay its hand" upon Plaintiff's filing of the Notice of Removal on August 14, 2015, "and therefore, its subsequently entered orders [we]re void."[4] *Id.* at n.4. The Third Circuit, however, held that Plaintiff had waived this argument by failing to raise it before the District Court in the first instance.[5] *Id.*

On February 23, 2022, Plaintiff filed a Rule 60(b) Motion (the "First Rule 60(b) Motion"), contending that this Court should vacate its 2015 order remanding the case based on the Third

---

[3] Plaintiff moved for reconsideration of this decision, which the Court denied. (*See* ECF Nos. 30, 31-35.)

[4] Prior to the Court's remand, on August 15, 2015, the Superior Court of New Jersey granted summary judgment in favor of Defendants and dismissed Plaintiff's action with prejudice. *See* Order, *Kamdem-Ouaffo v. Naturasource Int'l LLC*, No. MID-L-5527-13, (N.J. Super. Ct. Law Div. Apr. 29, 2022) (summarizing procedural history).

[5] Plaintiff appealed this decision, and the U.S. Supreme Court denied Plaintiff's petition for certification on March 3, 2025. *See Kamdem-Ouaffo v. Colgate Palmolive Co.*, No. 23-2982, 2024 WL 3250938, at *1 (3d Cir. July 1, 2024), *cert. denied*, No. 24-6217, 2025 WL 663724 (U.S. Mar. 3, 2025).

2

Circuit's language suggesting that some of the state court's orders were "void."[6] (*See* ECF No. 61-1 at 5-16.) The Court denied Plaintiff's First Rule 60(b) motion, concluding that the Third Circuit's observation did not provide a basis to grant Plaintiff relief pursuant to Rule 60(b). (*See* ECF No. 65.)

Three years later, on March 10, 2025, Plaintiff filed the instant Second Rule 60(b) Motion. (*See generally* Second Rule 60(b) Mot.) Plaintiff once again asks the Court to reopen his case, this time arguing that the Supreme Court's recent decision in *Royal Canin U.S.A. v. Wullschleger*, 604 U.S. 22 (2025), provides grounds to vacate the Court's 2015 decision to remand his case.[7] (*Id.* at 17.) Defendants Colgate-Palmolive Company and Hill's Pet Nutrition, Inc. state in response that Plaintiff's Second Rule 60(b) Motion is another frivolous attempt to re-litigate his claims and note that Plaintiff has now filed—and lost—four federal lawsuits arising from the same dispute. *See, e.g., Kamdem-Ouaffo*, 2024 WL 3250938, at *1 (affirming dismissal of [Plaintiff's] "fourth attempt to relitigate his claims in federal court following his state court loss").

Under Rule 60(b), a party may seek relief from final judgment, and request the reopening of his case, "under a limited set of circumstances." *Gonzalez v. Crosby*, 545 U.S. 524, 528 (2005).

---

[6] Plaintiff also moved for reconsideration of the state court's dismissal of his claims on this basis, which the Superior Court of New Jersey denied on April 29, 2022. Order, *Kamdem-Ouaffo v. Naturasource Int'l LLC*, No. MID-L-5527-13, (N.J. Super. Ct. Law Div. Apr. 29, 2022).

[7] In supplemental correspondence, Plaintiff argues that the Supreme Court's decision in *San Juan v. Acevedo Feliciano*, 589 U.S. 57 (2020), provides an additional basis to vacate the Court's 2015 remand order. (*See* ECF No. 71.) The Court, however, declines to consider this argument because Plaintiff's five-year delay in raising this authority exceeds any "reasonable time" contemplated by Rule 60(b). *See* Fed. R. Civ. P. 60(c) (requiring that all Rule 60(b) motions be filed "within a reasonable time"); *Yan v. Penn State Univ.*, No. 10-212, 2023 WL 2471341, at *3 (M.D. Pa. Mar. 10, 2023) (citing cases) ("Although the Third Circuit has not provided a precise limit on what constitutes a 'reasonable time,' it has consistently held that Rule 60(b) motions filed two years or more after the entry of judgment are untimely."). The Court, therefore, limits its analysis here to the applicability of *Royal Canin* to the Court's remand order.

3

To obtain relief from a judgment based on an intervening change in law under Rule 60(b)(6), a movant must establish "extraordinary circumstances" that justify setting aside the judgment. *See Gonzalez*, 545 U.S. at 535. "[I]ntervening developments in the law by themselves rarely constitute the extraordinary circumstances required for relief under Rule 60(b)(6)." *Morris v. Horn*, 187 F.3d 333, 341 (3d Cir. 1999) (citations omitted); *see also Gonzalez*, 545 U.S. at 536. Furthermore, a petitioner cannot establish extraordinary circumstances if the newly announced rule does not affect the integrity of the court's earlier judgment. *See Wilson v. Fenton*, 684 F.2d 249, 251 (3d Cir. 1982) (per curiam) (stating there are no extraordinary circumstances when new Supreme Court decision did not apply to the petitioner's circumstances); *Marshall v. Bd. of Educ.*, 575 F.2d 417, 425 (3d Cir. 1978) (finding no extraordinary circumstances where change in the law was not extraordinary).

Here, Plaintiff's Second Rule 60(b) Motion contends that *Royal Canin* presents an intervening change in law such that the Court should revisit its decision to remand this case to state court. (*See generally* Second Rule 60(b) Mot.) Plaintiff's reliance on *Royal Canin*, however, is misplaced. In that case, the Supreme Court held that where the parties are not diverse, and an amended complaint eliminates all federal claims, leaving only state-law claims, the district court lacks supplemental jurisdiction over the state-law claims and must remand the case to state court. *Royal Canin*, 604 U.S. at 25. By contrast, here, the issue before the Court was whether it had federal question jurisdiction over a state-court complaint that contained only state-law claims, but was later amended to add purported federal claims after Plaintiff filed the notice of removal. (*See* ECF No. 26.) This Court correctly determined that it lacked subject-matter jurisdiction in such a circumstance, and that remand was proper. Nothing in *Royal Canin* undermines that conclusion.

Moreover, even if *Royal Canin* were somehow applicable, Plaintiff's Second Rule 60(b) Motion would still fail. The Court's 2015 remand order was not solely based on want of subject-matter jurisdiction, but was also based on the finding that Plaintiff's removal was untimely, having been filed more than two years after the commencement of the state court action. (*See* ECF No. 61); 28 U.S.C. § 1446 (stating that a party seeking to remove a case to federal court must file the notice of removal within 30 days of the initial pleading). Thus, regardless of the applicability of *Royal Canin*, the Court's decision to remand the case was appropriate, if only because of Plaintiff's inexcusable delay in seeking removal. *See, e.g., Andrews v. Daughtry*, 994 F. Supp. 2d 728, 735 (M.D.N.C. 2014) (finding petition to remove under 28 U.S.C. § 1454 untimely where petitioner delayed removal for three months and "actively engaged the state court in the litigation process")[8]; *Steel Valley Auth. v. Union Switch and Signal Div.*, 809 F.2d 1006, 1010 (3d Cir. 1987) (citation omitted) ("(R)emoval statutes are to be strictly construed against removal and all doubts should be resolved in favor of remand.").

Ultimately, Plaintiff's Second Rule 60(b) Motion—filed nearly a decade after remand and the dismissal of this case—represents yet another impermissible attempt to reopen a final judgment and re-litigate matters already decided. *See Martinez-McBean v. Gov't of V.I.*, 562 F.2d 908, 911 (3d Cir. 1977). The Court's judgment is final, and the standard for reopening a case is exacting.

---

[8] For actions removed under 28 U.S.C. § 1454, the same "procedures and deadlines" under 28 U.S.C. § 1446 apply. *Andrews*, 994 F. Supp. 2d at 732.

5

*See Smith v. Evans*, 853 F.2d 155, 158 (3d Cir. 1988). Plaintiff's continued filing of meritless motions seeking to revisit these matters is improper.[9]

Based on the foregoing,

**IT IS**, on this 1st day of October 2025, **ORDERED** that:

1. The Clerk of Court shall reopen this matter for the limited purpose of considering Plaintiff's Second Rule 60(b) Motion, Request for Leave to File a Motion for Sanctions, and Motion for an Order Expediting the Adjudication of Pending Motions.

2. Plaintiff's Second Rule 60(b) Motion (ECF No. 67) is **DENIED**.

3. Plaintiff's Request to File a Motion for Sanctions (ECF No. 72) is **DENIED**.

4. Plaintiff's Motion for an Order Expediting the Adjudication of Pending Motions (ECF No. 77) is **DENIED** as moot.

5. The Clerk of Court shall close this case.

/s/ Michael A. Shipp
MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE

---

[9] Defendants Colgate Palmolive Company and Hill's Pet Nutrition, Inc. request that the Court order Plaintiff to show cause as to why the Court should not issue a filing injunction under the All Writs Act, 28 U.S.C. § 1651(a), in light of what they characterize as Plaintiff's "abusive, groundless, and vexatious litigation" over the past decade. (*See* Defs.' Opp'n Br. 2, ECF No. 68 (citing *Hill v. Lycoming Cnty. Gov't*, No. 21-2214, 2022 WL 767036, at *1 (3d Cir. Mar. 14, 2022).) The Court declines to issue such an order at this time. Plaintiff is cautioned, however, that the continued submission of frivolous motions to reopen this matter or otherwise re-litigate his claims may prompt the Court to issue a filing injunction or sanctions in the future. *See Kamdem-Ouaffo v. Plaza Square Apartments*, No. 19-2719, 2021 WL 141463, at *2 (3d Cir. Jan. 15, 2021) (warning Plaintiff of possible sanctions and stating that "some of [Plaintiff's] filings in this case have contained inappropriate content, including unnecessary, offensive remarks directed at the other parties, their counsel, court staff, and the presiding District Court Judge. That content had no bearing on our disposition of this appeal, but we hereby admonish [Plaintiff] for including that content and warn him that he could face sanctions if he were to include similar content in any future filing in this Court.")