UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

RICKY EMERY KAMDEN OUAFFO,

               Plaintiff,

        v.

NATURASOURCE INTERNATIONAL,
LLC, *et al.*,

               Defendants.

Civil Action No. 15-6290 (MAS) (JBD)

**MEMORANDUM ORDER**

This matter comes before the Court upon *pro se* Plaintiff Ricky Emery Kamden Ouaffo's ("Plaintiff"): (1) Motion for Reconsideration of the Court's October 1, 2025, Memorandum Order (the "Order") denying Plaintiff's Second Motion for Relief from Judgment pursuant to Federal Rule of Civil Procedure 60(b)[1] (the "Motion for Reconsideration") (ECF No. 81); and (2) Motion to Recuse the Undersigned pursuant to 28 U.S.C. § 455 (the "Motion to Recuse") (ECF No. 82).

The Court summarizes only the procedural history relevant to the instant motions. In 2013, Plaintiff, proceeding *pro se*, filed a complaint in the Superior Court of New Jersey alleging that Defendants Naturasource International, LLC, Laszlo Pokorny, Hill's Pet Nutrition, Inc., and Colgate-Palmolive Co. (collectively, "Defendants") misappropriated his proprietary pet food flavoring information. (Notice of Removal *110-*14, ECF No. 1.)[2] From 2013 to 2015, the parties litigated this matter in state court through the summary judgment stage. (*See generally* Amended Notice of Removal, ECF No. 6.) On August 14, 2015, Plaintiff removed this action from the

---

[1] All references hereafter to "Rule" or "Rules" are in reference to the Federal Rules of Civil Procedure.

[2] Page numbers within a record cite that are preceded by an asterisk refer to the page numbers atop the ECF header.

Superior Court of New Jersey. (*See* Notice of Removal *1.) Defendants thereafter moved to remand the case. (ECF Nos. 12, 16.) The Court granted Defendants' motion to remand, finding that the Court lacked subject matter jurisdiction and that Plaintiff untimely filed his notice of removal. (ECF No. 26.)[3] Plaintiff then moved for reconsideration, which the Court denied. (ECF Nos. 30, 34, 35.) Plaintiff subsequently filed a new federal action against Defendants, which the Court dismissed, reasoning that Plaintiff's claims were barred under the doctrines of *Rooker-Feldman*, res judicata, and collateral estoppel. *See Kamdem-Ouaffo v. Colgate Palmolive Co. et al.*, No. 15-7902, ECF Nos. 1, 90, 91.[4] The Third Circuit affirmed. *Kamdem-Ouaffo v. Colgate Palmolive Co.*, No. 21-1198, 2022 WL 382032, at *1 (3d Cir. Feb. 8, 2022) (per curiam).

On February 23, 2022, Plaintiff filed a Rule 60(b) Motion (the "First Rule 60(b) Motion") in this action, which the Court denied.[5] (First Rule 60(b) Motion, ECF No. 61; Mar. 16, 2022, Order, ECF No. 65.) Plaintiff filed another Rule 60(b) Motion (the "Second Rule 60(b) Motion"), three years later, on March 10, 2025, arguing that the Supreme Court's decision in *Royal Canin U.S.A. v. Wullschleger*, 604 U.S. 22 (2025), provided a basis to vacate the Court's 2015 remand

---

[3] Prior to the Court's remand, the Superior Court of New Jersey granted summary judgment in favor of Defendants. *See* Order, *Kamden-Ouaffo v. Naturasource Int'l LLC*, No. MID-L-5527-13, (N.J. Super. Ct. Law Div. Apr. 29, 2022) (summarizing procedural history).

[4] Plaintiff uses the surnames Kamden Ouaffo, Kamden-Ouaffo, Kamdem Ouaffo, and Kamdem-Ouaffo interchangeably throughout the CM/ECF system.

[5] In its decision, the Third Circuit observed, in a footnote, that upon Plaintiff's filing of the Notice of Removal on August 14, 2025, "the state court was required to stay its hand under 28 U.S.C. § 1446(d), and, therefore, its subsequently entered orders are void." *Kamdem-Ouaffo*, 2022 WL 382032, at *2 n.4. The Third Circuit then stated that Plaintiff waived this argument because it was not made before the District Court in the first instance. *Id.* The basis for Plaintiff's February 2022 Rule 60(b) Motion was derived from the Third Circuit's language suggesting that some of the state court orders were void. (Pl.'s First Rule 60(b) Moving Br. 5-16, ECF No. 61-1.) In denying the February 2022 Rule 60(b) Motion, the Court concluded that the Third Circuit's decision did not provide a basis for the Court to grant Plaintiff's First Rule 60(b) Motion. (Mar. 16, 2022, Order 2.)

order. (Pl.'s Second Rule 60(b) Moving Br. 17, ECF No. 67.) In supplemental correspondence, Plaintiff argued that the Supreme Court's decision in *Roman Cath. Archdiocese of San Juan, P.R. v. Acevedo Feliciano*, 589 U.S. 57 (2020), provided additional support to vacate the Court's 2015 remand order. (ECF No. 71.)[6] On October 1, 2025, the Court denied Plaintiff's Second Rule 60(b) Motion because the circumstances in *Royal Canin* were distinguishable from those of the present action. (*See* Order 4, ECF No. 71.) The Court further reasoned that Plaintiff's Second Rule 60(b) Motion would still fail given Plaintiff's unreasonable delay in removing this action in the first instance. (*Id.* at 5.) The Order cautioned Plaintiff that sanctions or a filing injunction could result if he persisted in filing frivolous motions to reopen this matter or otherwise re-litigate his claims. (*Id.* at 6 n.9.)

Immediately after the entry of the Order, Plaintiff filed correspondence requesting the Court to informally reconsider its decision denying Plaintiff's Second Rule 60(b) Motion, contending that the Supreme Court's *Royal Canin* decision divested the Court of its authority to issue a remand order when Plaintiff amended his complaint to assert a federal cause of action. (*See* Pl.'s Oct. 2, 2025, Correspondence 4, ECF No. 79.)[7] On October 3, 2025, Plaintiff filed additional correspondence reiterating that his post-removal amendments to the pleadings brought the present action within the ambit of the Federal Court's exclusive jurisdiction. (*See* Pl.'s Oct. 3, 2025, Correspondence 1-2, ECF No. 80.) He again suggested that the timing of removal is immaterial because he has a cognizable claim under the Patent Cooperation Treaty, 35 U.S.C. § 351, *et seq.* (*Id.* at 3-4.)

---

[6] The Court declined to address this argument given Plaintiff's five-year delay in submitting such authority. (*See* Memorandum Order 3 n.7, ECF No. 78.)

[7] Plaintiff similarly suggests that the requested reassessment of subject matter jurisdiction would render Plaintiff's untimeliness moot. (Pl.'s Oct. 2, 2025, Correspondence 4.)

On October 7, 2025, Plaintiff filed the instant Motion for Reconsideration contending that the Order ignored and overlooked controlling precedent, such as the *Royal Canin* decision, *Gunn v. Minton*, 568 U.S. 251 (2013), *Empire Healthchoice Assur., Inc. v. McVeigh*, 547 U.S. 677 (2006), and *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308 (2005). (Pl.'s Moving Brief 2-14, ECF No. 81-1.) Plaintiff additionally argues that: (1) the Court had subject matter jurisdiction when he amended the complaint after removal to assert patent-related causes of action (*id.* at 7); (2) the state court complaint satisfied the elements for removal because Defendants raised a patent-related defense when they filed for summary judgment in 2015 (*id.* at 11-13); (3) this Court had no power to remand an exclusive federal claim to the state court (*id.* at 14); and (4) Plaintiff's belated removal is irrelevant because the Court had exclusive jurisdiction over his patent claims (*id.* at 15). On October 9, 2025, Plaintiff filed the instant Motion to Recuse the Undersigned for the same reasons as his Motion for Reconsideration. (*See generally* Motion to Recuse.)[8] Defendants oppose both motions as meritless and violative of the Court's warning in its Order. (Defs.' Opp'n Br.*1-*3, ECF No. 83.) Defendants thus renew their request to issue a filing injunction against Plaintiff. (*Id.* at *1-*2.)

In the District of New Jersey, Local Civil Rule 7.1 governs motions for reconsideration. *Morton v. Fauver*, No. 97-5127, 2011 WL 2975532, at *1 (D.N.J. July 21, 2011) (citation omitted). Reconsideration under Local Civil Rule 7.1 is an extraordinary remedy that is rarely granted. *Interfaith Cmty. Org. v. Honeywell Int'l, Inc.*, 215 F. Supp. 2d 482, 507 (D.N.J. 2002) (citations

---

[8] On November 11, 2025, Plaintiff filed correspondence with "new evidence" indicating that a United States District Judge in Alaska resigned from the bench for workplace impropriety resulting in an investigation from the Alaska Bar Association, which concluded that the former judge's actions affected the practice of law. (ECF No. 86.) The Court disregards this correspondence as it neither pertains to Undersigned nor his extrajudicial activities. *See generally Liteky v. United States*, 510 U.S. 540 (1994).

omitted). A motion for reconsideration may be based on one of three separate grounds: (1) an intervening change in controlling law; (2) new evidence not previously available; or (3) a need to correct a clear error of law or fact to prevent manifest injustice. *Id.* (citations omitted). It is not an opportunity to raise new matters or arguments that could have been raised before the original decision was made. *See Bowers*, 130 F. Supp. 2d at 613. Nor is a motion for reconsideration an opportunity to ask the Court to rethink what it has already thought through. *See Interfaith Cmty. Org.*, 215 F. Supp. 2d at 507. "Rather, the rule permits a reconsideration only when 'dispositive factual matters or controlling decisions of law' were presented to the court but were overlooked." *Id.* (quoting *Resorts Int'l, Inc. v. Greate Bay Hotel & Casino*, 830 F. Supp. 826, 831 (D.N.J. 1992)).

Plaintiff's Motion for Reconsideration is without merit. Plaintiff does not present the Court with an intervening change in controlling law, new evidence, or clear error of law that would warrant reconsideration of the Court's Order. (*See generally* Motion for Reconsideration); *see No. River Ins. Co.*, 52 F.3d at 1218. It is apparent to the Court that Plaintiff is dissatisfied with its rulings and that Plaintiff merely attempts to relitigate issues that have already been decided by this Court. Such "[d]issatisfaction with the Court's ruling[s] is not a proper basis for reconsideration." *Roofers Loc. No. 30 Combined Pension Fund v. D.A. Nolt, Inc.*, 719 F. Supp. 2d 530, 554 (E.D. Pa. 2010), *aff'd*, 444 F. App'x 571 (3d Cir. 2011). The Court is satisfied that it properly adhered to controlling precedent from the United States Supreme Court. (*See generally* Order.) Plaintiff's Motion for Reconsideration is accordingly denied.

Plaintiff's Motion to Recuse is also meritless. "Any . . . judge of the United States" must be disqualified "in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). The test for recusal under Section 455(a) is an objective one. *In re Kensington Int'l Ltd.*, 353 F.3d 211, 220 (3d Cir. 2003). Under Section 455(a), the party must generally rely

5

on extrajudicial conduct in order to demonstrate bias, thus, "opinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible." *Liteky v. United States*, 510 U.S. 540, 555 (1994).

Here, Plaintiff does not identify any extrajudicial conduct suggesting that the Undersigned is biased or would be prejudiced against Plaintiff. Nor does Plaintiff identify conduct demonstrating "deep-seated favoritism or antagonism that would make fair judgment impossible." *Id.* at 555. Plaintiff's Motion to Recuse merely expresses dissatisfaction with the Order denying his Second Rule 60(b) Motion in yet another attempt to re-open this case, which has long been closed. *See id.* at 541 ("[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality recusal motion."); *see also In re TMI Litig.*, 193 F.3d 613, 728 (3d Cir. 1999) ("[D]isagreement with a judge's determinations and rulings cannot be equated with the showing required to so reflect on impartiality as to require recusal." (internal quotation marks and citation omitted)). The Undersigned, as such, declines to recuse himself from this matter.

Finally, the Court again denies Defendants' request for a filing injunction. As the Third Circuit explained,

> Under the All Writs Act, 28 U.S.C. § 1651(a), district courts can impose filing injunctions on litigants who have engaged in abusive, groundless, and vexatious litigation. *See Chipps v. U.S. Dist. Ct. for Middle Dist. of Pa.*, 882 F.2d 72, 73 (3d Cir. 1989). We have recognized that a filing injunction is an extreme measure that must be "narrowly tailored and sparingly used." *In re Packer Ave. Assocs.*, 884 F.2d 745, 747 (3d Cir. 1989); *see also In re Oliver*, 682 F.2d 443, 445 (3d Cir. 1982). Consequently, a District Court must comply with certain requirements when imposing a filing injunction: (1) the order should be entered only in exigent circumstances, such as when a litigant continuously abuses the judicial process by filing meritless and repetitive actions; (2) the

District Court must give notice to the litigant to show cause why the proposed injunction should not issue; and (3) the scope of the injunctive order must be narrowly tailored to fit the particular circumstances of the case. *Brow v. Farrelly*, 994 F.2d 1027, 1038 (3d Cir. 1993).

*Parker v. Admin. N.J. State Prison*, 795 F. App'x 862, 862-63 (3d Cir. 2020). While this Court is troubled by Plaintiff's general reluctance to accept that this matter is closed, his filings are not sufficiently abusive to find that exigent circumstances exist warranting the imposition of a filing injunction at this time. Plaintiff is put on notice that further meritless filings in this action will result in the Court's consideration of a filing injunction. (*See* Order 6 n.9 (citing *Kamdem-Ouaffo v. Plaza Square Apartments*, No. 19-2719, 2021 WL 141463, at *2 (3d Cir. Jan. 15, 2021))); *see, e.g., Grossberger v. Ruane*, 535 F. App'x 84, 86-87 (3d Cir. 2013) (affirming the district court's decision to a impose filing injunction on a *pro se* plaintiff who continued to file meritless motions, briefs, and letters after case was closed). Despite the filing of the instant motions, Defendants' request is denied without prejudice.

Based on the foregoing,

**IT IS**, on this 8th day of April 2026, **ORDERED** as follows:

1. The Clerk of the Court shall reopen this matter for the limited purpose of considering Plaintiff's Motion for Reconsideration and Motion to Recuse the Undersigned.

2. Plaintiff's Motion for Reconsideration (ECF No. 81) is **DENIED.**

3. Plaintiff's Motion to Recuse the Undersigned (ECF No. 82) is **DENIED.**

4. The Clerk of the Court shall close this case.

_____
**MICHAEL A. SHIPP**
**UNITED STATES DISTRICT JUDGE**